UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

     v.                                  Case No. 09-CR-55

GERALD PORTER,

          Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

On February 24, 2009, the grand jury returned a four count indictment charging Gerald Porter ("Porter") with distribution of heroin, (Count 1), in violation to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), attempted distribution of heroin, (Count 2), in violation to Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846, possession of heroin with intent to distribute, (Count 3), in violation to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and possessing a firearm as a felon, (Count 4), in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (Docket No. 1.)

On April 16, 2009, Porter filed a motion to suppress evidence wherein he requested an evidentiary hearing. (Docket No. 11.) Porter contended that suppression of evidence seized from the apartment of Lateasha Edwards ("Edwards") was appropriate because "[u]pon information and belief, law enforcement threatened, to take Edwards' children if she did not consent to the search." (Docket No. 11 at 1-2.)

The government objected to Porter's request for an evidentiary hearing and argued that Porter's contention that Edwards' consent was not voluntary was entirely speculative. Attached to the government's objection is a copy of a page from a detective's memo book where Edwards

signed a statement consenting to the officers searching her apartment, (Docket No. 12-2), and a police report recording that Edwards gave her consent to search the residence and that she "had no problem with granting consent for the search of her apartment because she was not involved in the selling of drugs," (Docket No. 12-3).

The court denied Porter's request for an evidentiary hearing, noting:

> The defendant's own self-serving contention that Edwards was threatened with the loss of her children if she did not consent to the search is insufficient to warrant this court granting his request for an evidentiary hearing. Allegations based upon "information and belief," without more, shall generally be insufficiently definite, non-conjectural, and detailed to warrant an evidentiary hearing. No affidavit from Edwards placing the voluntariness of her consent at issue has been submitted.

(Docket No. 13.)

Porter filed an objection to this court's order denying Porter's request for an evidentiary hearing. The Honorable Charles N. Clevert, Jr. noted that the objection was invalid because a magistrate judge has the authority to decide non-dispositive matters including whether to grant an evidentiary hearing. (Docket No. 18 at 1.) A district judge has the authority to set aside a magistrate judge's order denying an evidentiary hearing only if the magistrate judge's order is contrary to law or clearly erroneous. (Docket No. 18 at 2.) Thus, Judge Clevert permitted Porter to file a motion for reconsideration, which if timely filed, would then be referred to this court. (Docket No. 18 at 2.)

Porter filed a motion seeking reconsideration of this court's order denying an evidentiary hearing, (Docket No. 20), and accordingly the matter is back before this court. Accompanying this motion is an affidavit of Edwards wherein she avers that she told the police,

> they could search the apartment if they had a warrant. The officer then produced a piece of paper for me to sign indicating that I agreed to allow the officers to search the apartment at 1925 West Juneau. I then signed the paper. I believed the paper I signed was a warrant to search my apartment.

(Docket No. 20-2 at 2.)

Noticeably absent from this subsequent affidavit is Porter's initial contention, i.e. that law enforcement threatened to take Edwards' children if she did not consent to the search. Now, the only basis for suppression is the contention that Edwards' action was involuntary because she did not understand that she was giving consent to search, but rather thought that she was signing a search warrant. Based upon the exhibits previously submitted by the government, the court finds that this contention is plainly not credible, and thus no evidentiary hearing is needed.

The only document that Edwards signed is a page of Detective Metz's memo book where it is handwritten "I Latesha Edwards give the police consent to search my residence 1925 W. Juneau #610 for any drugs." (Docket No. 12-2.) This is then followed by Edwards' signature and that of Detective Metz, as well as the date. (Docket No. 12-2.)

There is no dispute that this is Edwards' signature; nor is there any contention that there was some other document that Edwards signed. In no way could a handwritten page from a detective's memo book be reasonably mistaken as a search warrant. This was plainly Edwards' written consent to search her residence. Based on the foregoing, no purpose would be served by conducting an evidentiary hearing. Porter has failed to indicate that there might be some other facts that would be adduced at an evidentiary hearing that could appropriately corroborate what the court finds to be an incredible assertion by Edwards. Accordingly, Porter has failed to present sufficiently definite, non-conjectural, and detailed allegations to demonstrate that Edwards' consent was not voluntary and that an evidentiary hearing is needed. Therefore, this court stands by its prior recommendation that the defendant's motion to suppress be denied. (Docket No. 13).

**IT IS THEREFORE ORDERED** that Porter's motion for reconsideration of this court's denial of an evidentiary hearing, (Docket No. 20), is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten

3

days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this <u>19th</u> day of June 2009.

<u>s/AARON E. GOODSTEIN</u>
U.S. Magistrate Judge
