UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                       Case No. 09-CR-55

GERALD PORTER,

        Defendant.

ORDER OVERRULING THE DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION (Doc. # 48); ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION (Doc. # 47); DENYING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (Doc. # 11); AND SETTING FINAL PRETRIAL CONFERENCE AND TRIAL DATES

On April 16, 2009, the defendant, Gerald Porter, filed a motion to suppress evidence seized from the apartment of Lateasha Edwards and request for an evidentiary hearing. (Doc. # 11.) Magistrate Judge Aaron E. Goodstein denied Porter's request for an evidentiary hearing and issued a Recommendation on April 23, 2009, that this court deny Porter's motion. (Doc. # 13.) Porter filed an objection to Judge Goodstein's order denying an evidentiary hearing. This court overruled the objection; however, given the stage of the proceedings, Porter was permitted to file a motion for reconsideration with Judge Goodstein. (Doc. # 20). Subsequently, Judge Goodstein denied the motion for reconsideration. (Doc. # 22.) Again, Porter objected and this court remanded the matter to Judge Goodstein for an evidentiary hearing. (Doc. # 37.)

On September 30. 2009, Judge Goodstein held an evidentiary hearing to consider Porter's motion to suppress and heard testimony from DEA Special Agent Mark Gorenc, Milwaukee Police Detective David Metz, and Lateasha Edwards. Following the hearing and additional briefing from the parties, Judge Goodstein issued a new

Recommendation that this court deny Porter's motion to suppress. Porter timely filed an objection with this court.

On dispositive matters and certain other matters enumerated in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59, including motions to suppress, a magistrate judge may only propose findings and make recommendations. § 636(b)(1)(A), (B); Fed. R. Crim. P. 59(b)(1). A district court must review de novo the recommendations of the magistrate judge to which a party timely objects. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2), (3). However, portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Thus, the de novo standard of review applies only to matters on which a party objects to a magistrate judge's recommendation (rather than an order) on the issues set forth in § 636(b)(1)(A) and Fed. R. Crim. P. 59(b)(1).

Porter's primary argument is that Edwards' consent to the search of her apartment was involuntary under the totality of the circumstances because she believed she would be unable to leave the scene if she did not authorize the search. In his Recommendation, Judge Goodstein summarized the evidence presented at the hearing, including Edwards' admission that she gave law enforcement permission to search her residence because she had nothing to hide. Further, Edwards understood that the document she signed—a handwritten statement prepared by Detective Metz giving "police consent to search my [Edwards'] residence at 1925 W. Juneau # 610" (Doc. # 12-1)—provided law enforcement permission to search her residence. According to Judge Goodstein, "all witnesses agreed that no threats or promises were made to Edwards." (Rec. at 4.) Judge Goodstein then recited the applicable law regarding on voluntary

searches, and concluded that there was no basis to find that Edwards' consent was involuntary.

Despite the evidence in the record, Porter maintains that Edwards' consent was not voluntary because she was scared and nervous, and that she believed the document she signed was a warrant. However, nothing in the record supports this position, and Porter does not present any argument that Judge Goodstein erred in reciting the law or facts.

Therefore, upon review of the motion, the Recommendation, and the record in this case,

IT IS ORDERED that the defendant's objection to the Recommendation (Doc. # 48) is overruled.

IT IS FURTHER ORDERED that the magistrate judge's Recommendation (Doc. # 47) is adopted.

IT IS FURTHER ORDERED that the defendant's Motion to Suppress Evidence (Doc. # 11) is denied.

IT IS FURTHER ORDERED that a final pretrial conference in the above matter is set for December 11, 2009, at 1:00 PM, and a jury trial is set for January 4, 2010, at 8:30 AM.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE